J. JONES, Justice
specially concurring.
I fully concur in the Court’s opinion. I have some concern about Sgt. Rice’s affidavit testimony that he “instructed” Martinez to provide transportation to Poe to and from the drill, and his characterization of this instruction as “my order.” Martinez’ counsel emphasized that Martinez had been ordered by Sgt. Rice to transport Poe. According to counsel, “Martinez was carrying out a specific order from her superior officer to transport a fellow guardsman to Boise.” Having served as a member of the U.S. military and having represented defendants in court-martial proceedings, I have to admit to some skepticism about the lawful nature of this purported order. A member of the military is obligated to obey a “lawful order,” but not one issued without proper authority. The Idaho Code of Military Justice, which “applies to all members of the Idaho military not in federal service when they are in or lawfully ordered to be in a duty status” (I.C. § 46-1103), makes it an offense to fail “to obey any lawful order or regulation.” I.C. § 46-1165.
Neither the Idaho Code of Military Justice nor the Uniform Code of Military Justice, which applies to active duty members of the U.S. military, defines what a lawful order is. However, the Manual for Courts-Martial (MCM) does contain such a definition. That definition applies to the Idaho military. I.C. § 46-1102. Article 90 of the MCM, which pertains to disobeyanee of a superior commissioned officer, is explained as follows:
An order requiring the performance of a military duty or act may be inferred to be lawful and it is disobeyed at the peril of the subordinate____The lawfulness of an order is a question of law to be determined by the military judge____ The commissioned officer issuing the order must have authority to give such an order. Authorization may be based on law, regulation, or custom of the service----The order must relate to military duty, which includes all activities reasonably necessary to accomplish a military mission, or safeguard or promote the morale, discipline, and useful *77 ness of members of a command and directly connected with the maintenance of good order in the service. The order may not, without such a valid military purpose, interfere with private rights or personal affairs.
MCM, para. 14c(2)(a)(i)(iv). Article 91 makes it an offense to wilfully disobey the lawful order of a noncommissioned officer, such as Sgt. Rice. MCM, para. 15a(2). The lawful order criteria in Article 90 also apply in Article 91. The lawfulness criteria also apply in the context of “duty status” which “includes periods when a military member is on duty or is lawfully ordered to duty.” I.C. § 46-1102(11). Since this case is being remanded for further proceedings, it would appear to be incumbent upon counsel for Martinez to establish that Sgt. Rice had the lawful authority to order Martinez to drive Poe to Boise when Martinez was apparently on her own time.
One further matter is of concern to me. It is my belief that members of the military are entitled to have the full support of their superiors. If the National Guard genuinely believed that Martinez was acting under a lawful order to drive Poe to Boise, I believe the Guard should have stepped forward to provide her with legal counsel to defend this case.